McFarland, J.,
delivered the opinion of the Court.
The question in this case is as to the proper construction of the following words in a paper executed as a deed, but which is evidently of a testamentary 'character, to-wit.: “For the natural love and affection I entertain for my son, Peter D. Wynne, I do, at my death, lend to him, and' the lawful issues of his body, a tract of land, etc.” The Chancellor held that Peter D. Wynne and his children are tenants in common of the land. We think this is erroneous. The words “lawful issues of his body,” and “bodily heirs,” mean the same thing, and the words at common law, would have created an estate tail or conditional fee, which, by the act of 1784, Code, 2007, is converted into an absolute fee. See Middleton v. Smith and wife, 1 Col., 144, by the Code, See. 2006, the word heirs, or other words of inheritance, is not necessary to convey an estate in fee. See also Owens v. Hancock, 1 Head, 563. We are of opinion that Peter D. Wynne takes the absolute title.
Decree reversed;